In the Matter of the Estate of JEANNIE LATHROP LAWTON, Deceased.

Surrogate's Court, Saratoga County, March 26, 1930.

*Lawrence B. McKelvey*, for the Equitable Trust Company of New York, executor.

*Morgan E. Welsh*, for the State Tax Commission.

TUCK, S.   Jane Lathrop Stanford, widow of the famous Californian capitalist and university founder, died in 1905, leaving a will in which she created a $2,000,000 trust fund for the benefit of one Ariel Lathrop.   Upon his death $1,000,000 thereof was to be paid over to persons named in the will.

His death occurred some years ago and one-half of the fund was duly paid over to the beneficiaries.   The will further provides that the remaining $1,000,000 should be held in trust for the benefit of three groups of persons — the trust to terminate as to one-third thereof upon the death of each of the three life beneficiaries.   One of these beneficiaries was the decedent, Jeannie Lathrop Lawton.

The portion of the will of Jane Lathrop Stanford, deceased, relating to the interest of Jeannie Lathrop Lawton, recites as follows:   " b. To pay over at regular intervals to my niece, the said Jennie L. Lawton, the full one-third of the net income arising from one million dollars, the one-half of said trust fund, for and during the term of her natural life, and upon her death this trust shall cease and determine as to one-third of said one million dollars, and the one-third of said million dollars shall belong to and be delivered to the child or children of said Jennie L. Lawton."

Jeannie Lathrop Lawton had one child, Daniel Lathrop Lawton. Daniel Lathrop Lawton died November 4, 1926, leaving a last will and testament, which was duly admitted to probate in the Surrogate's Court of Saratoga county.

Jeannie Lathrop Lawton died January 25, 1927, leaving a last will and testament, which was duly admitted to probate in the Surrogate's Court of Saratoga county.

After the death of Jeannie Lathrop Lawton, her executor began a proceeding in Santa Clara county, Cal.— the late residence of Jane Lathrop Stanford — for the termination of the trust and the payment to the executor of the remainder of the one-third of $1,000,000.   Such proceedings were duly had in the Superior Court of the State of California in and for the county of Santa Clara that an order and decree was duly made by Hon. P. F. GOSBY, Judge, holding and determining that Jane Lathrop Stanford created a vested interest in Daniel Lathrop Lawton which he could dispose of by will, and that it passed under his will, and that the remainder should be paid over to the executor of the last will and testament of Jeannie Lathrop Lawton, deceased, for the purpose of administration of her estate and thereafter to be distributed in accordance with the terms and provisions of the last will and testament of Jeannie Lathrop Lawton, deceased.

Proceedings were duly begun in the Surrogate's Court in the estate of Jeannie Lathrop Lawton for the purpose of having the

estate appraised and the transfer tax assessed. The administrative order upon which this appeal was taken was made and entered on March 1, 1929, and among other things ordered that the cash value of the distributive shares, etc., growing out of the estate of said deceased which are subject to a tax under article 10 of the Tax Law and to the tax to which the same were liable were: As to Aimee L. Hanson, cash value, $306,864.56; tax, $12,092.33. As to Aimee Gunning Reynolds, cash value, $296,646.57; tax, $20,481.73. The cash value of other legacies to other legatees is also fixed and the tax assessed, but this appeal relates to the two named legacies and the cash value determined and the tax thereon assessed.

The appellant claims that Jeannie Lathrop Lawton died seized and possessed of no more than a remainder interest in the net corpus of the fund and that no more of the value of property received from the estate of Jane Lathrop Stanford, should be taxed against the residuary legatees than the value of such remainder interest computed according to the table of expectancy, having regard to the age of the life tenant at the time of devolution of the interest.

The order appealed from herein purports to tax to the two persons above named the whole net value of the Lawton interest in the Jane Lathrop Stanford fund and the sole question raised by the executor on this appeal is as to the method of valuation to be applied to the share of the California property taxed against the residuary legatees.

The point of the executor's argument is that the corpus of the fund coming from the estate of Jeannie Lathrop Lawton should be diminished by the value of the life estate of Jeannie Lathrop Lawton computed upon her expectation of life at the time of the death of Daniel Lathrop Lawton.

The claim of the executor is that the full undiminished value of the fund to be received from the California property is not the measure for the tax for the reason that Jeannie Lathrop Lawton did not die seized and possessed of an estate in fee simple absolute in this property. It claims, during her lifetime subsequent to the death of Daniel Lathrop Lawton, she had two species of estates — one was her life estate by which she was entitled to the income from the fund of one-third of $1,000,000; the other was an estate in expectancy which could only ripen into an estate in possession upon her death, and that fact made it impossible that the value of her interest should be the full undiminished value of the corpus of the fund coming from the estate of Jane Lathrop Stanford.

By the will of Daniel Lathrop Lawton he bequeathed to his mother the right, in addition to the life estate which she then

owned, to distribute by her will the full corpus of the fund coming from the estate of Jane Lathrop Stanford. She was seized of this right in her lifetime to dispose of this fund by her will to take efiect after her death. She died seized and possessed of that right. By her will she chose to exercise that right and upon her will being made effective by probate it effected the transfer of the full undiminished value of the corpus of the fund coming from the estate of Jane Lathrop Stanford.

The true test by which the tax is to be measured is the value of the interest transferred at the time of the transfer thereof. (*Matter of Sloane*, 154 N. Y. 109.)

The value of the interest transferred by the will of Jeannie Lathrop Lawton is the full undiminished value of the fund to be received from the estate of Jeannie Lathrop Stanford.

It seem to this court that the contention of the executor of Jeannie Lathrop Lawton is not, and cannot be, sustained, and that the order of March 29, 1929, should be affirmed.

Order accordingly.